UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-26-M

BRANDON D. SHUFELT                                                                                    PLAINTIFF

v.

ABBOTT LABORATORIES                                                                              DEFENDANT

## MEMORANDUM OPINION

Defendant has filed a motion to dismiss (Dkt. # 3). Although the motion was filed on March 30, 2005, Plaintiff has not responded. For the reasons given below, Defendants' motion is **GRANTED**.

## BACKGROUND

Plaintiff Brandon Shufelt ("Shufelt"), *pro se*, brought suit against Defendant Abbott Laboratories ("Abbott") for Abbott's alleged violation of the Uniform Services Employment and Re-Employment Rights Act of 1994 ("USERRA"). 38 U.S.C. §§ 4301, *et seq.* Specifically, Shufelt alleges that Abbott denied him employment on the basis of his obligations as a member of the United States Army Reserve. Abbott denies these charges, and filed this particular motion to dismiss under Fed. R. Civ. P. 12(b)(3), which allows parties to assert by motion the defense of improper venue.

## ANALYSIS

This Court's jurisdiction over this claim is based upon the provisions in § 4323 of that statute, specifically § 4323(b)(3), which provides that "[i]n the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the

action." USERRA further provides that "[i]n the case of an action against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business." 38 U.S.C. § 4323(c)(2). Abbott argues that, under this provision, venue is improper in the Western District of Kentucky because it does not maintain a place of business here within the meaning of the statute.

According to Abbott, they do business in the Western District of Kentucky by way of "individual sales representatives who work out of their homes and who report to district managers who also work out of their homes." Defendant's Motion to Dismiss, Dkt. # 3, at 2. Those district managers, in turn, report to Regional Managers who are not located in Kentucky. *Id.* Abbott argues that this arrangement does not constitute "a place of business" in this district. Defendant has not cited, and the Court has not found, any cases interpreting this provision of USERRA. Nevertheless, Defendant argues by analogy that, because under such conditions venue was held improper under the patent infringement statute, the Court should interpret the USERRA venue provision to preclude venue in the Western District of Kentucky in this case. The venue provision of the patent infringement statute, 28 U.S.C. § 1400(b), says that venue is proper in any judicial district in which, among other things, a defendant has a "regular and established place of business."

The two provisions, then, are not identical, since the patent infringement statute requires a "regular and established" place of business, whereas the USERRA provision does not require that the place of business be "regular and established." In interpreting § 1400(b), courts have generally held that operating from the homes of salespeople does not constitute a regular and established place of business. See, e.g*., American Cyanamid Co. v. Nopco Chemical Co.* (4th

Cir. 1968), 388 F.2d 818, cert. den. 392 U.S. 906, 20 L.Ed.2d 1364, 88 S.Ct. 2057 (1968).

Although the analogy presented by Defendants is not an exact one, taken in combination with a common sense reading of the language of the USERRA the Court believes the correct interpretation of § 4323(c)(2) to be that employing salespeople who work out of their homes does not constitute maintenance of a place of business. The provision, then precludes venue in the Western District of Kentucky under these facts.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED**. An appropriate order shall issue.


Copies to: Counsel of record